Ronald J. Kisicki, Esq.
WOODS OVIATT GILMAN, LLP
275 N. Gateway Drive
Suite 118
Phoenix, Arizona 85034
State Bar No. 022533
Facsimile: (585) 362-4614
Email: Rkisicki@woodsoviatt.com
Telephone: (602) 633-1793

*Attorneys for Plaintiff, Hanchett Entry Systems, Inc.,*
  *an Arizona Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanchett Entry Systems, Inc., an Arizona Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Rutherford Controls Int'l Inc., a Canadian corporation, and Rutherford Controls Int'l. Corp., a Virginia Corporation,<br><br>Defendants. | No.  2:17-cv-03877-PHX-GMS<br><br>**JOINT RULE 26(F) CASE MANAGEMENT REPORT** |

Plaintiff Hanchett Entry Systems, Inc. ("HES") and Defendants Rutherford Controls Int'l Inc., a Canadian corporation ("RCI Canada"), and Rutherford Controls Int'l. Corp., a Virginia Corporation ("RCI Virginia"), hereby jointly submit their Rule 26(f) planning meeting and case management plan.[1]

---

[1] The claims against Defendant VCR Capital Corp., a Canadian Corporation, were dismissed without prejudice on May 1, 2018.

{6162330: }

1. **Attendance.** On May 1, 2018, counsel for the parties conducted a telephonic meet and confer to discuss the nature and bases of this dispute, Rule 26(f), and discovery topics. Ronald J. Kisicki and Donald W. O'Brien participated for HES, Charles C. Carson and Eric M. Fraser participated for RCI Canada and RCI Virginia, and Thomas J. Gaffney participated on behalf of now dismissed Defendant VCR Capital Corp.

2. **Parties.** The parties to this case are as follows:

- Hanchett Entry Systems, Inc., a subsidiary of, Assa Abloy AB
- Rutherford Controls Int'l Inc., now merged into dormakaba Canada Inc., an indirect subsidiary of dormakaba Holding AG
- Rutherford Controls Int'l. Corp., now merged into dormakaba USA, Inc., an indirect subsidiary of dormakaba Holding AG

3. **Nature of the case.** This is a patent infringement and breach of contract case. Plaintiff and Defendants are competitors in the security lock industry. Plaintiff HES states that it holds numerous patents on various electric strike configurations. HES alleges that Defendants use, manufacture, sell, offer for sale or import into the United States a CL Series Electric Strike ("the Accused Product"). In doing so, HES alleges that RCI Canada and RCI Virginia infringe U.S. patent numbers 8,146,966; 8,465,067; 8,783,477 and 9,476,227 owned by HES ("the Patents-In-Suit"). RCI Canada and RCI Virginia deny these allegations.

A patent and copyright infringement lawsuit was commenced in 2012 (the "2012 suit") by HES against RCI Virginia and Rutherford Controls Int'l Corp. a Canadian Corporation and entity separate from RCI Canada that later sold its business to RCI Canada.

The 2012 suit was subsequently settled in July of 2012 wherein the parties signed a Settlement Agreement. HES contends that in manufacturing, using, selling, offering for sale or importing into the United States the Accused Product, Defendants have breached the terms of the 2012 Settlement Agreement.

The principal factual and legal disputes in this case are: (1) whether the Accused Products infringe the Patents-In-Suit; (2) whether the asserted HES patents are invalid; (3) whether the Defendants breached the 2012 Settlement Agreement; (3) if infringement is found and the patents valid, whether, and in what amount, HES has been damaged; and (4) if infringement is found and the patents valid, whether Defendants should be enjoined from making, using, selling, offering for sale or importing the Accused Product into the United States.

4. **Jurisdiction.** This is a patent infringement case with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The parties agree that venue in this judicial district is proper.

5. **Service.** All parties have been served or have waived service and have appeared.

6. **Additions and Amendments.** The deadline for joining parties, amending pleadings, and filing supplemental pleadings is August 3, 2018. Plaintiff HES plans to amend the Complaint to name Dormakaba Canada Inc., as successor in interest to Rutherford Controls Int'l Inc. and to name Dormakaba USA, Inc., as successor in interest to Rutherford Controls Int'l. Corp. Plaintiff HES further plans to amend the Complaint to assert infringement of claims of U.S. patent number 9,945,153, issued on April 17, 2018.

7. **Contemplated Motions.**   In the event that the Defendants do not consent to the Plaintiff's request to amend the complaint as set forth above in Paragraph 6, Plaintiff HES intends to move for leave to amend the Complaint to assert infringement of U.S. Patent No. 9,945,153, issued on April 17, 2018.  Both Plaintiff and Defendants anticipate filing one or more dispositive motions at the appropriate time.  The parties do not anticipate any other forthcoming motions at this early stage of the case.

8. **Magistrate.**  The parties do not believe this case is appropriate for reference to a United States Magistrate Judge.

9. **Related Cases.**     There are no related cases pending before other courts or judges of this Court.

10. **Electronic Information.**

General Document Image Format.  Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension.  Load files shall be provided to indicate the location and unitization of the TIFF files.  The parties agree that the image load files should be in .OPT or .LFP format with a delimited database/metadata load file (.DAT or .CSV).  All such documents are to be provided with per document searchable text (.TXT) files that contain full text extraction.  The following fields should be included in the load files: BEGDOC#; ENDDOC#; PGCOUNT; and CONFIDENTIALITY.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.  Electronically stored information ("ESI") not readily convertible to

TIFF or other graphical image format (including but not limited to spreadsheets, presentations, audio-visual content, graphic designs, web pages, source code, object code, executable code, and software of firmware applications) may be produced in native format.

<u>Text Searchable Documents</u>.  The parties shall produce documents in text-searchable format in accordance with Paragraph 19(b) of this joint report.

<u>Footer</u>.  Each document image shall contain a footer with sequentially ascending production number.

<u>Native Files</u>.  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

<u>No Backup Restoration Required</u>.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

11. **Privilege Issues.**

<u>Inadvertent Production of Privileged Documents or Information</u>.  Pursuant to Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B), the parties agree that inadvertent disclosure or production of privileged information or documents shall not constitute a waiver of the attorney-client privilege, protection under the attorney work product doctrine, or other applicable privileges or protections.  Any party that inadvertently or unintentionally produces documents, information or other material it reasonably believes

are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing party, except for any pages containing privileged or otherwise protected markings by the producing party. If such materials were produced in an electronic format, the provisions of this paragraph may be complied with by deleting all copies of the inadvertently produced material and certifying its destruction in writing to the other party.

12. **Fed. R. Evid. 502(d).** The parties have agreed on the above Rule 502(d) order.

13. **M.I.D.P.** The Mandatory Initial Discovery Pilot ("MIDP") deadlines run from the date in which Defendants filed their Answer to the Complaint. Here, HES filed its Complaint on October 27, 2017 and the time to answer was extended pursuant to the Order dated February 20, 2018, extending the time to answer to April 12, 2018. Defendants filed their Answer on April 12, 2018. The parties have agreed to timely provide their mandatory initial discovery responses on or before May 14, 2018.

14. **Scope of Discovery.**

    a) This case concerns the alleged infringement of patents in the security lock industry. The parties anticipate that there may be discovery of the parties' sales, manufacturing, use, importation, advertisements, revenue and profits, as well as material

related to the conception and reduction to practice, ownership, validity, enforceability, and any prior art to the asserted patents.  Additionally, limited third-party discovery may be necessary.

b) The parties have agreed to limit the number of requests for production of documents to 25 (including subparts) and the number of interrogatories to 25 (including subparts).  Plaintiff proposes to limit the number of requests for admission to 25 (excluding those directed to the authenticity of specific documents) for each party, while Defendants propose a limit of 100 requests for admission (excluding those directed to the authenticity of specific documents) for each party.

c) The parties have agreed that depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  Defendants further propose that fact depositions be limited to 70 hours of total deposition time per side.  Plaintiff does not agree to this proposal.

15. **MIDP Discovery Responses.**    The parties have not yet served their mandatory initial discovery responses.  *See* paragraph 13 above.

16. **Modified Procedures.**

Given that this is a patent dispute, a claim construction hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) will likely be necessary. The parties propose the following deadlines for each of the following related to claim construction:

a) HES shall disclose the claims asserted on or before **August 3, 2018**;

{6162330: }                                                              7

b) HES shall serve its infringement contentions on or before **September 7, 2018**;

c) Defendants shall serve any invalidity contentions on or before **November 2, 2018**;

d) Terms for claim construction shall be exchanged by **December 7, 2018**;

e) Proposed claim constructions shall be exchanged by **January 4, 2019**;

f) Filing of joint claim construction statement by **February 8, 2019**;

g) Disclosure of experts intended to be used at *Markman* hearing by **February 8, 2019**;

h) Filing of the Parties' Opening Claim Construction Briefs by **March 8, 2019**;

i) Filing of the Parties' Responsive Claim Construction Briefs by **April 5, 2019**;

j) *Markman* hearing: within 45 days after claim construction briefing is complete.

The parties agree that amendment of infringement contentions and invalidity contentions may be made only by agreement of the parties or by order of the Court upon a showing of good cause.

17. **Discovery Schedule**

a) Deadline for Completion of Fact Discovery: **June 28, 2019**.

b) Upon issuance of the Court's Decision on claim construction, the parties will submit an Amended Scheduling Order as follows:

a. Expert Reports on issues for which the Parties have the burden of proof: 90 days after the Court's Decision on claim construction.

b. Rebuttal Expert Reports: 120 days after the Court's Decision on claim construction.

c. Expert Depositions: 150 days after the Court's Decision on claim construction.

d. Face-to-Face Good Faith Settlement Talks: 30 days after the Court's Decision on claim construction.

e. Dispositive Motions: six (6) months after the Court's Decision on claim construction.

17. **Jury Trial.**   The parties have requested a trial by jury.

18. **Settlement.**   The parties will continue to confer regarding the possibility of a settlement.  At this time, the parties do not believe that Court assistance with settlement is necessary.

19. **Additional Matters.**

a)   <u>Confidentiality and AEO designations</u>.  The parties intend to present a stipulation to the Court for entry of a protective order.  The parties contemplate that the agreed protective order will provide for both "Confidential" and "Attorneys' Eyes Only" designations and will address the procedures for seeking to file materials under seal, and will comply with L.R.Civ. 5.6.

b)   <u>Production of documents kept in hard copy form</u>.  The parties agree that hard copy documents should be scanned and produced as single-page, TIFF images

with an image load file (.OPT file or .LFP file) and a delimited database/metadata load file (.DAT or .CSV). All such documents are to be provided with per document searchable text (.TXT) files that contain full text extraction. The document should be logically unitized (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. The text and image load files should indicate page breaks. The following fields should be included in the load files: BEGDOC#; ENDDOC#; PGCOUNT; and CONFIDENTIALITY. The parties reserve the right to request originals as requested.

**WOODS OVIATT GILMAN LLP**

By /s/ Donald W. O'Brien, Jr.
Donald W. O'Brien, Jr. (pro hac vice)
700 Crossroads Building, 2 State Street
Rochester, New York 14614
Tel.: (585) 989-2810
Email: dobrien@woodsoviatt.com

By: /s/: Dennis B. Danella
Dennis B. Danella, Esq.
700 Crossroads Building, 2 State Street
Rochester, New York 14614
585.987.2800
Email: ddanella@woodsoviatt.com

By /s/ Ronald J. Kisicki
Ronald J. Kisicki (022533)
275 N. Gateway Drive
Phoenix, Arizona 85034
Tel.: (602) 633-1793
Email: rkisicki@woodsoviatt.com

*Attorneys for Plaintiff Hanchett Entry Systems, Inc.*

|  |  |
|---|---|
| 1 |  |
| 2 | **OSBORN MALEDON, P.A.** |
| 3 | By /s/ Eric M. Fraser (w/permission) |
| 4 | Eric M. Fraser<br>2929 N. Central Avenue, Suite 2100 |
| 5 | Phoenix, Arizona 85012-2793<br>Tel.: (602) 640-9321 |
| 6 | Email: efraser@omlaw.com |
| 7 |  |
| 8 | **BAKER & HOSTETLER LLP** |
| 9 | By /s/ Charles C. Carson (w/permission)<br>Charles C. Carson |
| 10 | Washington Square, Suite 1100<br>1050 Connecticut Avenue, N.W. |
| 11 | Washington, D.C. 20036-5403<br>Tel.: (202) 861-1771 |
| 12 | Email: ccarson@bakerlaw.com |
| 13 |  |
| 14 | *Attorneys for Defendants Rutherford Controls Int'l Inc., a Canadian corporation and Rutherford Controls Int'l Corp., a* |
| 15 | *Virginia Corporation* |
| 16 |  |
| 17 |  |
| 18 |  |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 |  |
| 26 |  |

Case 2:17-cv-03877-GMS   Document 37   Filed 05/04/18   Page 12 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties who are CM/ECF registrants.

<u>/s/ Virginia A. Trioli</u>

{6162330: }   12